IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAVIER DIAZ ROMERO, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 26-cv-01278 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| SAM OLSON, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

Petitioner's petition for a writ of habeas corpus [1] is granted. Within seven days of the entry of this order, Respondents shall either (1) provide Diaz Romero with a bond hearing pursuant to 8 U.S.C. § 1226(a), at which Respondents will have the burden of showing by clear and convincing evidence that Petitioner Diaz Romero poses a risk of flight or a danger to the community such that his detention is necessary, or (2) release him from custody under reasonable conditions of supervision. The requirement to file a joint status report on 3/6/2026 is stricken. Instead, by 3/16/2026, the parties shall file a joint status report addressing Diaz Romero's release status, including confirming that he received a bond hearing and stating the result of that bond hearing. As this Order addresses all requested relief, the Clerk is directed to enter Judgment in favor of Petitioner Diaz Romero. Civil case terminated. See the accompanying Statement for details.

**STATEMENT**

Petitioner Javier Diaz Romero is a citizen of Venezuela who entered the United States without inspection over two years ago has resided here ever since. On February 4, 2026, Diaz Romero was arrested and taken into custody by U.S. Immigration and Customs Enforcement ("ICE"). In line with a recent decision issued by the Board of Immigration Appeals ("BIA"), *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), he has been detained without the opportunity to seek release at an individualized bond hearing before an Immigration Judge. For that reason, Diaz Romero has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking this Court to find that Respondents' actions are unlawful under the applicable provisions of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment, and to order Respondents to release him. (Dkt. No. 1.) For the reasons that follow, Diaz Romero's habeas petition is granted.

**I.**

Diaz Romero is a citizen of Venezuela who entered the United States without inspection over two years ago and has been present in this country since then. (Pet. ¶¶ 4, 15, 40, Dkt. No. 1.)

He lives in Hanover Park, Illinois, and is engaged to a U.S. citizen. (*Id.* ¶¶ 40, 44.) On February 4, 2026, Diaz Romero was arrested when he attended a scheduled check-in at the Broadview Processing Center in Broadview, Illinois. (*Id.* ¶¶ 41, 43, 45.) Initially, Diaz Romero was detained at the Broadview Processing Center. (*Id.* ¶¶ 8, 15, 45.) He was detained at that facility when he filed the present habeas petition. (Resp'ts' Status Report ¶ 1, Dkt. No. 5.) Currently, Diaz Romero is being detained at the Greene County Jail in Springfield, Missouri. (*Id.* ¶ 3.)

## II.

Based on *Yajure Hurtado*, Diaz Romero has been deemed an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible for release while he awaits removal proceedings. Accordingly, he has been denied a bond hearing before an Immigration Judge. In his habeas petition, Diaz Romero contends that the BIA in *Yajure Hurtado* incorrectly interprets the relevant provisions of the INA and his detention is actually governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A). Detention is discretionary for aliens detained under § 1226(a), subject to exceptions for certain categories of "criminal aliens" not applicable to him. Diaz Romero also argues that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.

This Court previously confronted the same issues as presented in Diaz Romero's habeas petition in *Ramirez Martinez v. Noem*, No. 25-cv-12029, 2025 WL 3145103 (N.D. Ill. Nov. 11, 2025). In granting relief in *Ramirez Martinez*, this Court determined that § 1226(a) governs detention pending removal proceedings of a noncitizen already residing in the country for an extended period and that such a noncitizen has a Fifth Amendment due process right to a bond hearing. The overwhelming majority of courts in this District that have addressed those issues on the merits have reached the same conclusions. *E.g.*, *Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025). *But see Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025).[1] Respondents' brief in opposition to Diaz Romero's petition acknowledges the many decisions rejecting their arguments against granting habeas relief to petitioners like Diaz Romero. Nonetheless, Respondents stand by those arguments and adopt the opposition brief in *H.G.V.U.* as their opposition brief here.

As an initial matter, because Diaz Romero has been relocated and is currently detained at the Greene County Jail, the Court has added as a Respondent Greene County Sheriff Jim Arnott. Arnott is the immediate custodian of Diaz Romero during his current detention at the Greene County Jail. At the time of his initial detention at the Broadview Processing Center, Diaz

---

[1] Recently, the Fifth Circuit became the first Circuit Court of Appeals to address the issue and took the position of the minority of district courts nationwide that the INA requires mandatory detention of all noncitizens who entered the U.S. without inspection, regardless of how long they have been present in the country. *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). This decision from outside the Seventh Circuit is treated as persuasive rather than binding authority for this Court. Respectfully, this Court is not persuaded by the Fifth Circuit's analysis to revisit its conclusion that a noncitizen like Diaz Romero is subject to discretionary detention under § 1226(a).

2

Romero's immediate custodian was Sam Olson, ICE's Chicago Field Office Director. As Diaz Romero's immediate custodians, Arnott and Olson are the only proper Respondents here. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent [to a habeas petition] is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The remaining Respondents are dismissed.

Next, the Court finds that it has jurisdiction over Diaz Romero's habeas petition. *See Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) ("Subject-matter jurisdiction . . . is supplied by 28 U.S.C. § 1331, as any claim under § 2241 entails a federal question."). Specifically, none of the three statutory provisions cited by Respondents divests this Court of its jurisdiction. *See Ramirez Martinez*, 2025 WL 3145103, at *2–3. First, the Court's exercise of jurisdiction is not barred by 8 U.S.C. § 1252(g) because that provision "does not sweep broadly; only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). And Diaz Romero does not challenge any of those specified actions. Second, while 8 U.S.C. § 1252(b)(9) limits judicial review of questions of law and fact "arising from any action taken or proceeding brought to remove an alien from the United States," that section does not preclude the exercise of jurisdiction over questions about whether "certain statutory provisions require detention without a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 292 (2018). And finally, 8 U.S.C. § 1252(a)(2)(B)(ii) does not apply because Diaz Romero "does not challenge a discretionary bond denial by an [Immigration Judge] under § 1226(a)" but instead challenges Respondents' refusal to provide him such a hearing because he is subject to mandatory detention. *Ochoa Ochoa*, 2025 WL 2938779, at *4.

The Court also finds that, because Diaz Romero's habeas challenge concerns whether he is subject to mandatory detention under § 1225 or discretionary detention under § 1226(a), the matter became ripe immediately upon his detention. *Ramirez Martinez*, 2025 WL 3145103, at *3. And moreover, the Court declines to require administrative exhaustion, as Respondents claim it should, since the BIA's decision in *Yajure Hurtado* shows that it has predetermined the statutory issue presented in Diaz Romero's habeas petition and there is nothing to suggest that the BIA will change its position. *See id.* at *4; *see also Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (explaining that although the general rule calls for "parties [to] exhaust prescribed administrative remedies before seeking relief from the federal courts," exhaustion will be excused where "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue").

Turning to the merits of Diaz Romero's petition, the Court again reaches the same conclusions as it did in *Ramirez Martinez*. As to the statutory question, the Court finds that detention of a noncitizen like Diaz Romero, who entered this country without inspection and has continuously resided here for an extended period of time since then, is governed by § 1226(a). *See Ramirez Martinez*, 2025 WL 314513, at *5–6. While Diaz Romero falls within § 1225(a)(1)'s broad definition of "applicant for admission," § 1225(b)(2)(A) requires mandatory detention "in the case of an alien who is an applicant for admission" where the alien is also "seeking admission." The provision's use of the word "'seeking' implies action and [noncitizens] who have been present in the country for years are not actively 'seeking admission.'" *Ochoa Ochoa*, 2025

WL 2938779, at *6. By contrast, there is nothing in the plain language of § 1226(a) that would exclude Diaz Romero from its scope. And until recently, the Government's practice was to apply § 1226(a) to noncitizens like Diaz Romero. That "longstanding practice of the [G]overnment—like any other interpretative aid—can inform a court's determination of what the law is." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) (internal quotation marks omitted).

The Court further concludes that Diaz Romero has a Fifth Amendment due process right to a bond hearing. *See Ramirez Martinez*, 2025 WL 314513, at *7. In determining whether a noncitizen's detention without a bond hearing violates his right to procedural due process, courts balance the following factors: "first, the private interest at stake; second, the risk of erroneous deprivation and the value, if any, of additional procedural safeguards; and third, the government's countervailing interests." *Miguel*, 2025 WL 2976480, at *7 (quoting *Simpson v. Brown County*, 860 F.3d 1001, 1006 (7th Cir. 2017)). All three factors weigh in favor of Diaz Romero. First, his liberty is at stake. Second, there is nothing to indicate that he poses a danger to others, making the risk of erroneous deprivation of his liberty high. And third, holding a bond hearing does not impair the Government's legitimate interest in prompt execution of removal orders.

For the foregoing reasons, Diaz Romero's petition for a writ of habeas corpus is granted. While Diaz Romero seeks his immediate release, the Court finds that the appropriate relief is to order a bond hearing for Diaz Romero's removal proceedings. Thus, within seven days of the entry of this order, Respondents shall either (1) provide Diaz Romero with a bond hearing pursuant to 8 U.S.C. § 1226(a), at which Respondents will have the burden of showing by clear and convincing evidence that Diaz Romero poses a risk of flight or a danger to the community such that his detention is necessary, or (2) release him from custody under reasonable conditions of supervision.

Dated: March 4, 2026

_____
Andrea R. Wood
United States District Judge